## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,
962 Wayne Ave, Suite 610
Silver Spring, MD 20910

     *Plaintiff,*

v.

UNITED STATES GEOLOGICAL
SURVEY
12201 Sunrise Valley Drive
Reston, VA 20192

     *Defendant.*

CIVIL ACTION NO. 1:21-cv-311

**COMPLAINT**

### PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the United States Geological Survey ("USGS") to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking documents related to biosafety concerns at the agency's National Wildlife Health Center ("NWHC") in Madison, Wisconsin.

2. To date, Defendant has failed to make a determination on Plaintiff's FOIA request or to disclose to the Plaintiff all of the requested documents within the time stipulated under FOIA, or provide any date when such documents will be disclosed.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also

has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4.   This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment

Act, 28 U.S.C. § 2201, *et seq.*

5.   This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA

cases where the plaintiff resides, or in the District of Columbia).

6.   This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C.

§ 552(a)(4)(E).

## PARTIES

7.   Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C.

and headquartered in Silver Spring, Maryland, with field offices in California, Colorado,

Florida, Massachusetts, and Tennessee.

8.   Among other public interest projects, PEER engages in advocacy, research, education, and

litigation relating to the promotion of public understanding and debate concerning key current

public policy issues. PEER focuses on the environment, including the regulation and

remediation of toxic substances, public lands and natural resource management, public

funding of environmental and natural resource agencies, and governmental accountability.

PEER educates and informs the public through news releases to the media, through its web

site, www.peer.org, and through publication of the *PEER Review* newsletter.

9.   Defendant USGS is an agency of the United States under 5 U.S.C. § 552(f)(1).

10. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The Defendant's refusal to provide the Plaintiff with the records requested on November 12, 2020, is a violation of FOIA.

## STATEMENT OF FACTS

11. On November 12, 2020, PEER requested information from USGS Headquarters via FOIA concerning biosafety at NWHC. Specifically, PEER requested:

   a.   *All emails, notes, images, and other written communications documenting NWHC animal laboratory wastewater/effluent system malfunctions or deficiencies, including blocked/backed-up laboratory drains, insufficient inactivation of pathogens, biowaste treatment alarm failures, sewer drain pipe cracks and subsequent underground leaks and closure of the laboratory sections (e.g. Animal Isolation Wing with in the Tight Isolation Building or any biosafety level 2/3 [BSL-2/3] laboratory facilities) from January 1, 2014 to present.*

   b.   *NWHC institutional biosafety committee (IBC) meeting minutes from January 2013 to present include associated emails, documents, images, and reports to NWHC institutional officer, and other senior USGS officials at the Reston, Virginia headquarters.*

   c.   *Addendums to the NWHC IBC, institutional animal care committee (IACUC) and general safety committee charters between January 2014 to the present.  Please include copies of the original committee charters.*

   d.   *Documentation (emails, letters or other written communication) provided to state and federal regulatory agencies, that have oversight regarding NWHC laboratory certification and issue laboratory permits, and any legislative entities that were notified regarding NWHC Biowaste Decontamination System deficiencies/failures from 2014 - 2018, and subsequent ongoing issues/repairs from 2019 to the present.*

   e.   *All emails, notes, images, and other written communications regarding the inquiries/reviews of the NWHC Biowaste (Wastewater) Decontamination System and animal care practices that Jill Rolland, former Western Fisheries Research Center (WFRC) Director, and other USGS officials participated in from 2015 to 2017.*

   f.   *All emails, notes, images, and other written communications between Jonathan Sleeman, NWHC Director, regarding policies on communicating or notifying state and other federal agencies of violations and/or deficiencies at USGS*

> *research facilities, like NWHC and WFRC, with other USGS officials (e.g. Jane Reid and Darrin Thome) from January 2016 to February 2020.*

12. On November 17, 2020, USGS informed PEER via email that its request for a fee waiver in PEER's FOIA request had been granted. That email stated that PEER's FOIA request had been received on November 16, 2020 and assigned the request control number DOI-USGS-2021-000794.

13. The email from USGS to PEER also stated that the agency anticipated that it would complete processing of PEER's FOIA request in in twenty-one to sixty workdays, and stated that the agency anticipated that they would complete a final response to PEER by December 31, 2020.

14. On November 27, 2020, USGS emailed PEER to schedule a teleconference to discuss PEER's FOIA request. USGS stated that one of its responding science centers requested the conference prior to conducting their search for records, to make sure they understood the request.

15. On November 30, 2020, PEER responded to the agency's request to arrange a teleconference, stating "I would strongly prefer to see any questions they have in writing.  I would be more than happy to respond as those written answers may be a much more definitive clarification, if one is required.  It will also leave a written trail should there a later dispute."

16. On December 2, 2020, USGS responded to PEER's request for written questions, stating that they would ask the responding science centers to prepare their questions in writing.

17. On December 8, 2020, USGS emailed PEER again, stating:

> *I am writing to provide an update regarding your request. Our responding science centers have decided they don't have any questions for you, right now; they will conduct records searches based on their current understanding of your request.  I have advised them to contact me with any questions or concerns so that we can resolve any issues.*

*I also want to inform you that these centers have requested an extension of their search time, which we have granted.  They are working on several large requests, and we want to make sure each receives appropriate attention.*

18. To date, PEER's FOIA request to USGS has produced none of the requested documents and USGS has not provided any indication about when any responsive documents may be produced.

19. The estimated date of completion listed on FOIAOnline.gov is still December 31, 2020.

## CAUSE OF ACTION

20. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

21. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

22. FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

23. Twenty working days from November 16, 2020, (the date the agency lists its receipt of PEER's FOIA request) was December 15, 2020. As of the date of this filing, Plaintiff has received no documents in response to its FOIA request.

24. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative

remedies for its FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

25. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding biosafety at USGS labs, a concern which PEER has been monitoring since 2017.[1]

26. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

27. Defendant's failure to make a determination on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i.   Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv.  Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.   Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on February 3, 2021,

---

[1] See PEER, *Federal Animal Disease Lab Awash in Deficiencies*, Press Release (Jan. 9, 2017), https://www.peer.org/federal-animal-disease-lab-awash-in-deficiencies/.

s/ *Paula Dinerstein*
Paula Dinerstein, DC Bar #333971

Kevin H. Bell
NY Bar No. 5448626 (pending local admission)

Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorneys for Plaintiff*